GARY M. RESTAINO
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
Arizona State Bar No.: 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 22-02109-TUC-SHR (EJM) |
|---|---|
| Plaintiff, | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| vs. | |
| Gadiel Guadalupe Millanes-Corrales, | |
| Defendant. | |

The United States of America, by and through its attorneys, hereby files this notice of supplemental authority.

In *United States v. Portillo-Gonzalez*, No. 21-10260, --- F.4th ----, 2023 WL 5617821 (9th Cir. Aug. 31, 2023), the Ninth Circuit followed the Supreme Court's holding in *United States v. Palomar-Santiago*, --- U.S. ---, 141 S. Ct. 1615, 1620–21 (2021), and affirmed the district court's denial of a § 1326(d) motion that did not meet all three requirements of that statute to challenge a predicate removal order's validity. In so doing, the Ninth Circuit acknowledged that the Supreme Court had abrogated some of its precedent, and, following *Palomar-Santiago*, it specifically held that even if a due process violation occurred during the defendant's removal hearings and rendered them "fundamentally unfair," this mistake would not automatically or "effectively" satisfy § 1326(d)'s other two requirements. *Portillo-Gonzalez*, 2023 WL 5617821, at *5; *id.* at *8 ("[B]ecause he must satisfy all three requirements to invoke § 1326(d)'s exception, *see*

*Palomar-Santiago*, 141 S. Ct. at 1620–21, he remains subject to § 1326(d)'s general rule that he 'may not challenge the validity' of his predicate removal order.").

Thus, *Portillo-Gonzalez* reaffirms the principle of *Palomar-Santiago*, namely, that a defendant must meet all three elements of § 1326(d) to prevail.  Because the defendant here has failed to show that the expedited removal that he challenges was "fundamentally unfair" by showing the requisite due process violation and prejudice (Doc. 25, pp. at 6–25), he has failed to meet all three elements of § 1326(d), as *Palomar-Santiago* and *Portillo-Gonzalez* require.  This decision further supports that the defendant's motion to dismiss should be denied.

Respectfully submitted this 18th day of September, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Julie A. Sottosanti*

Julie A. Sottosanti
Corey J. Mantei
Assistant U.S. Attorneys

Copy of the foregoing served electronically
on September 18, 2023, to all ECF participants, including:

Jessica Denise Murillo DeAlcoverde
Federal Public Defenders Office – Tucson
Attorney for Defendant