**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Gadiel Guadalupe Millanes-Corrales,<br><br>   Defendant. | No. CR-22-02109-001-TUC-SHR (EJM)<br><br>**Order Re: Report & Recommendation** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 73) issued by United States Magistrate Judge Eric J. Markovich recommending the Court grant Defendant's Motion to Dismiss (Doc. 21). The Government has filed an Objection (Doc. 74), and the Defendant has filed an Objection and Motion for *De Novo* Review (Doc. 75). For the following reasons, the Court will grant the Government's Objection, deny the Defendant's Objection, deny Defendant's request to receive further evidence, adopt the R&R in part, and deny the Motion to Dismiss.

**I.  Background**[1]

The following summarizes the circumstances underlying this R&R:

> The defendant was charged in a criminal complaint dated September 6, 2022 with the felony offense of Reentry of a Removed Alien, a violation of 8 U.S.C. § 1326(a) and (b)(1). Doc. 1. The complaint alleges that the defendant is a citizen of

---

[1] Neither party has objected to the Magistrate Judge's findings of fact. Therefore, this Court adopts the factual background as set forth in the R&R by reference. (Doc. 73 at 2–27.)

> Mexico and was found in the United States near Sasabe, Arizona on September 3, 2022. The complaint further alleges that the defendant was previously removed from the United States through San Ysidro, California on May 25, 2022, and did not obtain legal permission to return to the United States. On September 28, 2022, a federal grand jury in Tucson, Arizona returned an Indictment charging the defendant with the same offense alleged in the complaint. Doc. 9.
>
> On May 5, 2023, the defendant filed a Motion to Dismiss Indictment Pursuant to 8 U.S.C. § 1326(d) (Doc. 21). The [defendant raised] three grounds . . . in support of dismissal . . . . An evidentiary hearing on the Motion to Dismiss was held on August 21, 2023 and September 20, 2023. Two witnesses testified at the hearing: (1) [Agent] David Lawrence and (2) [Agent] Braden King.

(Doc. 73 at 2–3.) Before the Magistrate Judge, the Defendant raised the following grounds for dismissal:

> (1) the defendant's expedited removal from the United States violated the Appointments Clause of the U.S. Constitution because the immigration officials who conducted the removal are inferior officers not properly appointed by the President, Courts of Law, or Heads of Departments; (2) the defendant did not sign the reverse side of the Notice and Order of Expedited Removal acknowledging receipt as required under 8 C.F.R. § 235.3(b)(2)(i); and (3) there was no basis on which to determine that the defendant was inadmissible under 8 U.S.C. § 1182(a)(7) because at the time he was apprehended, he had not submitted an application for admission and was not applying for entry at the border.

(*Id.* at 1.) On January 23, 2024, the Magistrate Judge issued his R&R, recommending the Court dismiss the indictment because the underlying expedited removal violated Defendant's due process rights. (*Id.* at 2.) The Magistrate Judge rejected the first two grounds for dismissal but agreed with the third ground—Defendant "was not inadmissible under 8 U.S.C. § 1182(a)(7) as an arriving alien at a port of entry." (*Id.*) Accordingly, the R&R recommended dismissing the indictment on the third ground. (*Id.*)

One day after the Magistrate Judge issued the R&R, the Ninth Circuit in *United*

*States v. Gambino-Ruiz*, 91 F.4th 981, 988 (9th Cir. 2024), held expedited removals of aliens found in the interior (i.e. United States), not just at the port of entry, are valid. On February 6, 2024, both the Defendant and the Government filed objections to the R&R. (*See* Docs. 74, 75.) In the Government's Objection (Doc. 74), it argues, although the Magistrate correctly found that Defendant's underlying expedited removal from the United States did not violate the Appointments Clause and there was no prejudice when Defendant did not sign the back of one of his immigration forms (Doc. 73 at 28–33), the Ninth Circuit's decision mandates reversal of the Magistrate Judge's recommendation on the third ground. (Doc. 74 at 5.) The Defendant's Objection and Motion for *De Novo* Review Pursuant to 28 U.S.C. § 636(b)(1)(C) (Doc. 75) contends the Magistrate Judge improperly found immigration officers conducting expedited removals are inferior officers and improperly held failure to sign the notice of removal was not fundamentally unfair. (*Id.* at 1–9.) Defendant concedes *Gambino-Ruiz* forecloses his third argument. (*Id.* at 10.)

**II. Standard of Review**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Ninth Circuit has summarized the role of district courts in reviewing R&Rs as follows:

> The magistrate judge system was designed to alleviate the workload of district courts. To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging. [I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift

gears before the district judge.
*United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (alteration in original) (internal citations and quotation marks omitted). Accordingly, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). Objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." (citation omitted)). However, the Court "*may* also receive further evidence" in addition to the evidence before the Magistrate Judge if it so chooses. 28 U.S.C. § 636(b)(1) (emphasis added).

### III. Relevant Law

A person can be charged with illegal reentry if he or she "has been . . . deported, or removed . . . and thereafter . . . enters, attempts to enter, or is at any time found in, the United States." 8 U.S.C. § 1326(a)(1)–(2). When charged with violating § 1326, the defendant has a right under the Due Process Clause of the Fifth Amendment to collaterally challenge the removal order underlying the charge of illegal reentry. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047–48 (9th Cir. 2004). Congress has codified this right and its attendant conditions. *See* 8 U.S.C. § 1326(d).

To successfully mount a collateral attack under § 1326(d), the defendant must demonstrate the following: (1) he or she "exhausted any administrative remedies" for relief against the order; (2) the removal proceedings "improperly deprived the alien of the opportunity for judicial review;" and (3) the order was "fundamentally unfair." *Id.* § 1326(d)(1)–(3). "[E]ach of the[se] statutory requirements . . . is [typically] mandatory."

*United States v. Palomar-Santiago*, 593 U.S. 321, 329 (2021).  However, the law does not provide for administrative or judicial review of expedited removals of inadmissible arriving noncitizens unless a noncitizen claims asylum, refugee status, or claims to be a legal permanent resident.  8 U.S.C. § 1225(b)(1)(C); *see United States v. Barajas-Alvarado*, 655 F.3d 1077, 1081 (9th Cir. 2011); *see also United States v. Raya-Vaca*, 771 F.3d 1195, 1202 (9th Cir. 2014) (finding defendant exhausted available administrative remedies and was deprived of judicial review in expedited removal proceeding with no opportunity for administrative or judicial review), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020).  Thus, the first two prongs are satisfied when a defendant did not claim asylum or claim to be a legal permanent resident and later challenges a removal order.  *See United States v. Ochoa-Oregel*, 904 F.3d 682, 685 (9th Cir. 2018) ("An alien who had been removed through expedited removal proceedings automatically satisfies the requirements for exhaustion and deprivation of judicial review.").

Focusing on the third prong, a removal order is fundamentally unfair if "(1) [a defendant's] due process rights were violated by defects in [the] underlying deportation proceeding, and (2) he suffered prejudice as a result . . . ."  *Ubaldo-Figueroa*, 364 F.3d at 1048 (first alteration in original) (citation omitted).  A defendant need only show it was "plausible" he would not have been removed to demonstrate prejudice.  *United States v. Muro-Inclan*, 249 F.3d 1180, 1184 (9th Cir. 2001) (citation omitted).

**IV. Analysis**

Having conducted a de novo review,[2] the Court adopts the R&R's reasoning on the first two issues and will not adopt the reasoning on the final issue.  The Court also finds a de novo hearing unnecessary.  Therefore, the Court will deny the Motion to Dismiss.

    a. Appointments Clause

The Appointments Clause of the U.S. Constitution "prescribes the exclusive means

---

[2] The Court has carefully reviewed the entire record, including but not limited to transcripts of the evidentiary hearing, the parties' briefs, and evidence submitted to the Magistrate Judge.  The Court has also reviewed the authorities cited by the parties and by the Magistrate Judge.

- 5 -

of appointing 'Officers.'" *Lucia v. S.E.C.*, 585 U.S. 237, 244 (2018).  There are two types of "Officers": (1) "Officers" who must be nominated by the President and confirmed by the Senate; and (2) "inferior Officers" who must be appointed by the President, Courts of Law, or Heads of Departments.  U.S. CONST. art. II, § 2, cl. 2.  "Non-officer employees" do not implicate the Appointments Clause because they are considered "part of the broad swath of 'lesser functionaries' in the Government's workforce."  *Lucia*, 585 U.S. at 245 (quoting *Buckley v. Valeo*, 424 U.S. 1, 126 n.162 (1976) (per curiam)).

In his Motion to Dismiss (Doc. 21), Defendant contended his "expedited removal proceedings were fundamentally unfair" because "the immigration officials conducting . . . expedited removal[s] were inferior officers not properly appointed by the President, Courts of Law, or Heads of Departments," and he "was prejudiced because Withdrawal of Application for Admission could have been granted."  (*Id.* at 4.)  In his Objection, he raises three issues with the Magistrate Judge's Appointments Clause analysis in the R&R, which the Court will address in turn.

First, Defendant argues immigration officers who conduct expedited removal ("ER") proceedings, not all Border Patrol agents, require appointment.  (Doc. 75 at 1.)  However, this argument merely repeats the argument raised before and rejected by the Magistrate Judge.  Defendant seems to argue the Magistrate Judge's reasoning focused on Border Patrol agents generally not Border Patrol agents conducting expedited removal proceedings specifically.  Yet the Magistrate Judge specifically addressed the conduct of Border Patrol agents conducting expedited removals, including their lack of significant discretion and layers of supervision.  (*See* Doc. 73 at 28–30.)  The Court agrees with the Magistrate Judge's reasoning and concludes Border Patrol agents conducting expedited removals fall within the category of "lesser functionaries" and are unlike the administrative law judges to which Defendant attempts to analogize. Therefore, this argument does not warrant overturning the Magistrate Judge's recommendation.

Second, Defendant contends the Magistrate Judge failed to address the full scope of agents' conduct in ER proceedings.  (Doc. 75 at 2.)  According to Defendant, the full scope

of conduct includes "creat[ing] the written administrative record," which the Court presumes means completing the Form I–867A (Record of Sworn Statement in Proceedings under Section 235(b)(1)), and "subpoena authority" under 8 U.S.C. § 1225(d)(4). (Doc. 75 at 2.) In its R&R, the Magistrate Judge reasoned "a Border Patrol agent conducting an expedited removal proceeding does not have the tools of [a] federal trial judge[]." (Doc. 73 at 29.) Specifically, the Magistrate Judge noted "[t]he agent does not take testimony, conduct trials, rule on the admissibility of evidence, or shape the administrative record by issuing subpoenas, enforcing discovery orders, or making contempt findings; they also do not administer oaths, rule on motions, or regulate hearings or the conduct of the parties or counsel." (*Id.*) Rather, "[t]he processing agent simply interviews the noncitizen." (*Id.*) Nothing in the Defendant's Objection points to an aspect of Border Patrol agents' work in conducting expedited removals overlooked by the Magistrate Judge.

While Defendant notes 8 U.S.C. § 1225(d)(4) gives "immigration officers" subpoena authority (Doc. 75 at 2), Defendant does not show Border Patrol agents conducting expedited removals exercise this authority. Rather, as the Magistrate Judge correctly held after hearing from Agent King— "[a] processing agent . . . does not subpoena documents." (Doc. 73 at 23 (citing Hr'g Tr. 9/20/2023 (Doc. 52) at 36).) Moreover, even the evidence Defendant points to in the Objection shows Border Patrol agents involved in expedited removals merely "take[] the noncitizen's statements" and process paperwork. (Doc. 75 at 2.) This conduct does not rise to the level of "significant authority pursuant to the laws of the United States." *See Buckley*, 424 U.S. at 126. Therefore, the Magistrate Judge was correct to disregard Defendant's general assertion of "subpoena authority" when agents testified they do not exercise this authority.

Third, Defendant asserts "the Magistrate Judge misinterpreted *Lucia v. S.E.C.*, 585 U.S. 237 (2018), in the R&R because, "although relevant, none of the *Lucia* factors are necessary to show that a federal employee is in fact an inferior officer." (Doc. 75 at 4–5.) This argument is unavailing because the Magistrate Judge merely used the *Lucia* framework as a guide and never stated the factors were "necessary." (*See* Doc. 73 at 28–

30.) Therefore, nothing within the R&R misinterpreted the controlling precedent, so Defendant's third argument fails.

### b. Fundamental Unfairness—Failure to Sign Form I-860

First, Defendant argues the "Magistrate Judge failed to account for Mr. Millanes-Corrales' sworn affidavit, reasoning that the Government did not have an opportunity to cross-examine the Defendant—even though it never requested one." (Doc. 75 at 5.) Defendant contends "[t]estimony about [Agent Lawrence's] usual practice doesn't rebut a specific claim of malfeasance," citing *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 761 (9th Cir. 2015) (noting an agent "could not directly contradict [the defendant's testimony] because, as he testified, he had no recollection of her or her proceeding"). (Doc. 75 at 6.) The Government responds a "defendant's self-serving declaration . . . is insufficient to rebut the presumption that agency employees 'act properly and according to law.'" (Doc. 83 at 7 (quoting *FCC v. Schreiber*, 381 U.S. 279, 296 (1965).) The record suggests the Magistrate Judge did "account for" the declaration, but because Defendant did not testify, the Magistrate Judge simply placed less weight on the declaration. (*See* Doc. 73 at 31–32.) The Court finds it appropriate to place less weight on the sworn declaration because the Government did not have the opportunity to cross examine Defendant to test the declaration's assertions. Defendant notes the Government did not object to the declaration or request cross examination (Doc. 75 at 5), but this argument ignores that it is Defendant's burden to prove the § 1326 violation and to overcome the presumption.[3]

Moreover, the Ninth Circuit's reasoning in *Cisneros-Rodriguez*, cited by Defendant, is inapposite because the district court there was weighing competing testimony, not weighing a sworn declaration and contradictory testimony. *See* 813 F.3d at 754–755. It was Defendant's burden to prove fundamental unfairness, so the fact that the defense did

---

[3] Defendant also points out the common practice of resolving certain issues on affidavits rather than taking live testimony to persuade this Court to give more weight to Defendant's sworn declaration. (Doc. 75 at 5.) However, this is a red herring. Here, the Magistrate Judge took testimony from agents and Defendant had an opportunity to testify but declined it. Therefore, the common practice was not used in this case, and the Court will not use evidence of a common practice to supplant Defendant's failed efforts to meet his burden.

- 8 -

not call Defendant to the stand to counteract the Agents' testimony cannot now create a legal issue. If that were the case, then a party could avoid calling witnesses, submit sworn declarations, and then contrive foreseeable objections to the Magistrate Judge's R&R on this basis and request a de novo hearing in every case. This result runs counter to the purpose of a Magistrate Judge. *See Howell*, 231 F.3d at 622. The Court does not find the Magistrate Judge's application of the presumption and reliance on the testimony of Agent Lawrence legally flawed. Therefore, the Court finds this argument unavailing and will not allow further testimony from Defendant.

Second, Defendant contends "[e]vidence in addition to the defendant's affidavit rebuts the presumption, relied on by the Magistrate Judge, that officers are presumed to properly discharge their official duties." (Doc. 75 at 7.) Defendant submits evidence from a congressionally commissioned report—the United States Commission on International Religious Freedom Expedited Removal Study Report Card: Two Years Later (2007). (*Id.* at 7.) According to this report, Defendant asserts mandated procedures were not being followed in expedited removals. (*Id.*) However, the Magistrate Judge already considered this evidence because Defendant included this report and the same exact argument in his reply brief submitted to the Magistrate Judge. (*See* Doc. 33 at 7.) The Court finds it was appropriate for the Magistrate Judge to give more weight to the live testimony of agents about what occurred in 2013 rather than statistical evidence included in reports from nearly two decades ago.

Third, Defendant argues the "Magistrate Judge did not address [his] claim that he was not offered an opportunity to review the sworn statement and that the Agent did not read him the sworn statement." (Doc. 75 at 8.) However, the R&R explained the allegations raised in Defendant's declaration and discussed the appropriate weight which would be given to these allegations. (*See* Doc. 73 at 31–33.) The R&R specifically concluded Defendant did not demonstrate his due process rights were violated when Agent Lawrence failed to follow the regulation requiring noncitizen to sign the Form I-860. (*Id.* at 33.) The Court agrees with the Magistrate Judge because the R&R gave proper weight

to the competing evidence and, upon the Court's de novo review, the Court would accord the same weight to the Defendant's declaration.

### c. Validity of Expedited Removal

The Magistrate Judge concluded Defendant's expedited removal was invalid and, therefore, recommended the Court grant the motion to dismiss the indictment on this basis. Primarily relying on *Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020), the Magistrate Judge reasoned "for purposes of Section 1182(a)(7), 'at the time of application for admission' refers to the moment of applying for entry at the border." (Doc. 73 at 43.) "Therefore, Section 1225(b)(1) does not allow an immigration officer to apply Section 1182(a)(7) to noncitizens like the defendant who are physically but unlawfully present in the interior of the United States." (*Id.*) "Because there is no basis upon which to find that the defendant lacked the requisite entry documents at the time of his application for admission, his expedited removal based on Section 1182(a)(7) was invalid and violated his due process rights." (*Id.*)

The day after the Magistrate Judge issued the R&R, the Ninth Circuit's decision in *United States v. Gambino-Ruiz*, 91 F.4th 981 (9th Cir. 2024), limited *Torres*'s reach, upheld the validity of a defendant's underlying expedited removal in similar circumstances, and rejected identical arguments to those the Defendant asserts here. The Government then objected to the R&R based on *Gambino-Ruiz*, (Doc. 74 at 1), and the Defendant conceded *Gambino-Ruiz* would foreclose dismissal on § 1182(a)(7) grounds. (Doc. 75 at 10.)

The Court is bound to reverse the Magistrate Judge's reasoning on this issue due to the intervening authority from the Ninth Circuit. Accordingly, the Court finds Defendant's underlying expedited removal was valid under the Immigration and Nationality Act ("INA"), and, thus, no due process violation exists under § 1326(d). Therefore, the Court will deny the Motion to Dismiss on this ground and will reject the Magistrate Judge's reasoning on this issue given the intervening, binding authority.

. . . .

. . . .

## V. Conclusion

**IT IS ORDERED** the Report & Recommendation (Doc. 73) is **ADOPTED** except insofar as it found Defendant's expedited removal was invalid.

**IT IS FURTHER ORDERED** the Motion to Dismiss (Doc. 21) is **DENIED**.

Dated this 24th day of May, 2024.

Honorable Scott H. Rash
United States District Judge